# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| BENJAMIN BRADFORD LANEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 4:18-cv-01540-SGC |
| ) | |
| ROBERT K. MALONE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER[1]

This is a personal injury action arising out of a motor vehicle accident. The operative pleading is the third amended complaint filed by Benjamin Bradford Laney ("Benjamin Laney"); Dax Jonathan Stiefel ("Stiefel"); and Gerald Don Laney, d/b/a Laney Electric, Limited Liability Company ("Laney Electric"), naming as defendants Robert K. Malone ("Malone"); The Cincinnati Insurance Company ("Cincinnati"); Mid-Century Insurance Company ("Mid-Century"); State Farm Mutual Automobile Insurance Company ("State Farm"); and Greenwood Motor Lines, Inc., d/b/a R+L Carriers ("Greenwood"). (Doc. 31). Before the undersigned is a motion filed by defendants Malone and Greenwood. (Doc. 36). The moving defendants request (1) dismissal of the plaintiffs' wantonness claim; negligent hiring, training, and/or supervision claim; and negligent entrustment claim pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*; (2) a more definite statement with respect to the plaintiffs' other claims

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 17).

pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*; and (3) an allegation related to Greenwood's accident history be stricken pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*. (*Id.*). For the reasons discussed below, the motion is due to be granted in part and denied in part.

**I. Facts**

In relevant part, the plaintiffs allege that on or about May 17, 2018, Benjamin Laney and Stiefel were travelling north on Gault Avenue in a 2001 Chevrolet C34 pickup truck titled to Laney Electric (the "pickup truck"). (Doc. 31 at ¶ 9).[2] While acting as an agent of and in the line and scope of his employment with Greenwood, Malone was driving behind them in a 2015 Peterbilt 18-wheel truck (the "tractor-trailer"). (*Id.* at ¶¶ 9, 33, 37). When the plaintiffs slowed to allow a vehicle in front of them to make a right turn off Gault Avenue, Malone failed to slow, and the tractor-trailer collided with the rear end of the pickup truck. (*Id.* at ¶ 9).[3] Preceding impact, Malone was not maintaining a safe distance, was not looking ahead, was driving at a dangerous speed, was distracted by electronic devices, and was fatigued from working more hours than permitted by the Federal Motor Carrier Safety Regulations. (*Id.* at ¶¶ 13, 15). Based on these allegations, the plaintiffs assert claims for negligence and wantonness against Malone. (*Id.* at ¶¶ 11-16). They seek to hold Greenwood liable for Malone's negligence and/or wantonness on theories of agency and *respondeat superior*. (*Id.* at ¶¶ 32-39).

---

[2] Benjamin Laney was driving the pickup truck, and Stiefel was riding in the front passenger seat. (Doc. 31 at ¶ 9).
[3] As a result of the accident, Benjamin Laney and Stiefel suffered personal injuries, and Laney Electric's pickup truck was totaled. (Doc. 31 at ¶ 10).

2

The plaintiffs further allege Greenwood failed to use reasonable care in hiring, training, and/or supervising Malone. (*Id.* at ¶ 43). According to the plaintiffs, Greenwood knew or should have known Malone was incompetent and posed an undue risk of harm to others. *(Id.* at ¶¶ 44, 51). The plaintiffs claim that records maintained by the Federal Motor Carrier Safety Administration show that within the past 24 months, drivers employed by Greenwood have been involved in 461 accidents, including 12 accidents involves fatalities and 137 accidents involving injuries. (*Id.* at ¶ 45). Based on these allegations, the plaintiffs assert a claim for negligent hiring, training, and/or supervision against Greenwood. (*Id.* at ¶¶ 40-48).

Finally, the plaintiffs allege Greenwood know or should have known Malone was a dangerous, reckless, heedless, indifferent, and/or incompetent driver. (*Id.* at ¶ 51). Based on this allegation, the plaintiffs assert a negligent entrustment claim against Greenwood. (*Id.* at ¶¶49-52).

## II. Discussion

### A. Rule 12(b)(6)

Rule 12(b)(6) must be considered against the backdrop of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

### 1. Wantonness

"To hold a defendant liable for wanton conduct in Alabama, a plaintiff must establish a high degree of culpability." *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1220 (M.D. Ala. 2015). "While negligent conduct is characterized by inattention, thoughtlessness, or heedlessness and a lack of due care, wantonness is characterized by a conscious act." *Id.* (internal quotation marks and citation omitted). Wantonness requires proof of "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing

4

*Bozeman v. Central Bank of the South*, 646 So. 2d 601, 603 (Ala. 1994)). "Knowledge need not be proven directly but may be inferred from the facts of the case." *Klaber v. Elliott*, 533 So. 2d 576, 579 (Ala. 1988).

Alabama courts presume a defendant did not consciously engage in self-destructive behavior, that is behavior that would likely or probably cause harm not only to others but also to the defendant. *See Ex parte Essary*, 992 So. 2d at 12. This presumption may be overcome by a showing the defendant's judgment was impaired (e.g., by the consumption of alcohol) or that the conduct at issue was "so inherently reckless that [a court] might otherwise impute to [the defendant] a depravity consistent with disregard of instincts of safety and self-preservation." *Id.* " 'Inherently reckless' behavior, for example, might be driving in reverse on a major interstate, driving through an intersection at a very fast speed after ignoring a stop sign, or abruptly moving from the right lane into the left lane after seeing a video store on the left and deciding to stop and get a movie." *Craft*, 107 F. Supp. 3d at 1222 (internal quotation marks and citations omitted). "In each of these instances, something more than mere inattention, that is, an exacerbating circumstance, contributed to the accident." *Id.*

The plaintiffs allege Malone was not maintaining a safe distance, was not looking ahead, was distracted by electronic devices, was fatigued from overwork, was driving at a dangerous speed, and failed to reduce that speed before making impact with their pickup truck. While the allegations, standing alone, demonstrate inattention or a lack of due care, taken together, they permit the inference Malone knew the way in which he was operating the tractor-trailer was likely or probable to cause injury. *See Hicks v. Dunn*,

5

819 So. 2d 22, 24 (Ala. 2001) ("This Court has held that while speed alone does not amount to wantonness, speed, coupled with other circumstances, may amount to wantonness."); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 916 (Ala. 2002) (holding speed at which driver was operating tractor-trailer, coupled with weather conditions and driver's inattention, was sufficient to permit submission of wantonness claim to jury). Moreover, driving a tractor-trailer at a dangerous speed and unsafe proximity to another vehicle without looking ahead, while fatigued from overwork and distracted by electronic devices, suggests the kind of disregard for self-preservation necessary to rebut the presumption discussed above. *See, e.g., Johnson v. Baldwin*, 584 F. Supp. 2d 1322, 1328 (M.D. Ala. Nov. 3, 2008) (holding that driving in reverse on a major interstate was inherently reckless) (cited in *Craft*). Accordingly, the plaintiffs have alleged facts sufficient to permit their wantonness claim to move forward at this stage of the litigation.

## 2. Negligent Hiring, Training, Supervision, and Entrustment

Under Alabama law, the torts of negligent hiring, training, supervision, and entrustment all require a plaintiff to show an employer knew or should have known its employee was incompetent. *See Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (negligent hiring, supervision, and entrustment); *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent supervision); *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1002-03 (Ala. 1993) (negligent training and supervision), *abrogation on other grounds recognized by Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001); *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985)

6

(negligent entrustment); *Brown v. Vanity Fair Mills, Inc.*, 277 So. 2d 893, 895 (Ala. 1973) (negligent hiring and entrustment).

The plaintiffs' third amended complaint contains no facts to support their allegation Greenwood knew or should have known Malone was incompetent. Without any such facts, the pleading fails to state a plausible claim for negligent hiring, training, supervision, or entrustment. *See Bush v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 324993, at *9 (N.D. Ala. Jan. 27, 2016) (holding plaintiff failed to state claim for negligent training and supervision, where amended complaint was devoid of facts regarding what notice employer had of employees' alleged incompetency).[4]

The plaintiffs argue discovery must be exchanged to determine whether Malone was incompetent and whether Greenwood knew or should have known Malone was incompetent. (Doc. 37 at 8). Without facts to add substance to the allegation Greenwood knew Malone was incompetent, plaintiffs have done no more than recite the elements of the claims at issue and plead legal conclusions. To permit the plaintiffs to conduct discovery under such circumstances would contravene *Twombly* and *Iqbal*, which instruct that neither legal conclusions nor a formulaic recitation of the elements of a claim are sufficient to survive a Rule 12(b)(6) motion to dismiss but, rather, a complaint must contain facts. *See Twombly*, 550 U.S. at 555, 557, 570; *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Supreme Court made clear the *Federal Rules of Civil Procedure* " do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and that

---

[4] The plaintiffs note *Bush* involved attempted foreclosure proceedings, while the instant case involves a motor vehicle accident. (Doc. 37 at 9). Even so, the pleading requirements for a negligent training and supervision claim are the same.

where a "complaint is deficient under Rule 8, [a plaintiff] is not entitled to discovery, cabined or otherwise." 556 U.S. at 678-79, 686. Likewise, the Eleventh Circuit has held "discovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." *Carter v. DeKalb County, Georgia*, 521 F. App'x 725, 728 (11th Cir. June 4, 2013) (internal quotation marks omitted); *see also Brannan for Estate of Goodman v. West*, 2018 WL 1440835, at *4 n.4 (S.D. Ala. Mar. 22, 2018) (collecting cases rejecting requests that discovery be permitted before claims are evaluated under established pleading standards).

In the context of their response to the moving defendants' request that certain allegations related to Greenwood's accident history be stricken pursuant to Rule 12(f), the plaintiffs claim this history is relevant to the determination whether Greenwood knew or should have known Malone was incompetent. (Doc. 37 at 10). However, the plaintiffs do not allege Malone was involved in any of the accidents cited. Absent any such connection, the facts of Greenwood's accident history do not support the allegation Malone was incompetent or the allegation Greenwood knew or should have known Malone was incompetent.

For the foregoing reasons, the plaintiffs' negligent hiring, training, supervision, and entrustment claims are due to be dismissed with prejudice, pursuant to Rule 12(b)(6). The undersigned notes the plaintiffs have twice amended their complaint, and the plaintiffs have not requested leave to further amend. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district

court dismisses the action with prejudice."), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002); *Wagner*, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

**B. Rule 12(e)**

The moving defendants seek a more definite statement pursuant to Rule 12(e) on the ground the third amended complaint is a quintessential "shotgun pleading." (Doc. 36 at 15-16). While there are several types of shotgun pleadings, "[t]he most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321, 1321 n.11 (11th Cir. 2015) (collecting cases); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (describing a complaint bearing these characteristics as a "quintessential" or "typical" shotgun pleading). Each count of the third amended complaint does incorporate by reference all preceding allegations. However, each count also sets forth the specific allegations on which it relies. Moreover, the pleading separates each claim into a different count and specifies against which of the defendants the claim is brought. *See Weiland*, 792 F.3d at 1322-23 (identifying other types of shotgun pleadings as those that do not separate each claim into a different count and those that do not specify against which of multiple defendants a claim is brought).

9

The central problem with shotgun pleadings is that "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *id.* at 1323, thereby thwarting the defendants' ability to frame a responsive pleading, *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). They also require a court to undertake " 'the cumbersome task of sifting through myriad claims,'" *id.* at 367 (quoting *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)), and "sift[ing] out the irrelevancies," which "can be quite onerous," *Strategic Income Fund*, 305 F.3d at 1295.

The third amended complaint adequately notifies the moving defendants of the claims asserted against them and the factual allegations underlying those claims. Moreover, based on the third amended complaint the undersigned has been able to gather the basis for this action, generally, and the claims asserted against the moving defendants, specifically, with relative ease. Under these circumstances, the third amended complaint's incorporation by reference does not warrant requiring the plaintiffs to replead. *See T-12 Entm't, LLC v. Young Kings Enters., Inc.*, 36 F. Supp. 3d 1380, 1387-88 (N.D. Ga. 2014) (holding plaintiff was not required to replead complaint that bore one hallmark of shotgun pleading – repeated incorporation by reference – where complaint otherwise provided defendants adequate notice of claims asserted against them and basis for those claims, such that defendants were not prevented from preparing answer). Accordingly, the moving defendants' request for a more definite statement is due to be denied.

**C. Rule 12(f)**

Rule 12(f) permits a court to strike from a pleading any "immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . ." ARTHUR R. MILLER ET AL., 5C FED. PRAC. & PROC. CIV. § 1382 (3d ed.). " '[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (noting "there is considerable overlap between the concepts of 'impertinent' and 'immaterial' matter"). " '[S]candalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Id.*

The action of striking a pleading " 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" *Augustus v. Bd. of Pub. Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).[5] Accordingly, motions to strike factual allegations are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1192-93 (N.D. Ala. Feb. 20, 2019) (citing *Augustus*, 306 F.2d at 868); *see also* 5C FED. PRAC. & PROC. CIV. § 1382 (noting federal courts generally agree motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to

---

[5] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit held decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981, are binding in the Eleventh Circuit.

the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action").

The moving defendants request the allegation contained in paragraph 45 of the third amended complaint regarding Greenwood's accident history be stricken as immaterial, impertinent, and scandalous. (Doc. 36 at 17-19).[6] The undersigned is not convinced the allegation has no possible relation or logical connection to this caution, but regardless, the moving defendants have not demonstrated prejudice.

The moving defendants assert the allegation is scandalous and will prejudice them if not stricken because it "casts [] Greenwood in a derogatory light," "add[s] shock value," and "tarnish[es] the good name of [] Greenwood." (Doc. 36 at 18-19). The undersigned questions whether citations from federal records are derogatory, shocking, or likely to tarnish Greenwood's name. This would seem to depend on context not provided by the moving defendants. For example, whether the number of accidents reported by Greenwood within the past 24 months is shocking or reflects poorly on Greenwood depends at least in part on the number of drivers employed by Greenwood and the number of accidents reported by other motor carriers comparable to Greenwood.

The moving defendants also argue the allegation will prejudice them if not stricken because it opens the door to discovery regarding accidents not related to the one made the basis of this action. (Doc. 36 at 18-19). The moving defendants cite no authority to support the proposition that the possibility discovery may be had on an

---

[6] Dismissal of the negligent hiring, training, and/or supervision claim, in connection with which paragraph 45 is alleged, effectively moots the moving defendants' request that the paragraph be stricken. Nonetheless, the undersigned analyzes the merits of the request.

12

allegation of questionable materiality or pertinence rises to the level of prejudice sufficient to justify the drastic remedy of striking the allegation.

For the foregoing reasons, the moving defendants' request that paragraph 45 of the third amended complaint be stricken is due to be denied.[7]

**III. Conclusion**

For the foregoing reasons, the motion filed by Malone and Greenwood (Doc. 36) is **GRANTED** in part and **DENIED** in part. The moving defendants' request that the plaintiffs' wantonness claim be dismissed pursuant to Rule 12(b)(6) is **DENIED**. The moving defendants' request that the plaintiffs' negligent hiring, training, supervision, and entrustment claims be dismiss pursuant to Rule 12(b)(6) is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**. The moving defendants' request for a more definite statement pursuant to Rule 12(e) is **DENIED**, and the moving defendants' request that paragraph 45 of the third amended complaint be stricken pursuant to Rule 12(f) is **DENIED**.

**DONE** this 19th day of September, 2019.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[7] As a practical matter, even if the paragraph were stricken, it would remain visible on the public record.